UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver for
CITIZENS STATE BANK,

    Plaintiff,

-vs-

Case No. 10-11061
Hon: AVERN COHN

SERGEI V. FEDOROV,
an individual,

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR STAY**

**I. INTRODUCTION**

This is a contract case. Former plaintiff Citizens State Bank (Citizens) says that defendant Sergei Fedorov (Fedorov) failed to repay a $500,000 loan. Fedorov counterclaims alleging fraud. After it was substituted as the plaintiff in this case Federal Deposit Insurance Corporation (FDIC), acting as receiver for Citizens, removed the case pursuant to 12 U.S.C. § 1819(b)(2)(B). FDIC's second amended complaint is in five counts:

    (I)    Breach of Promissory Note,

    (II)    Breach of Security Agreement,

    (III)    Breach of Agreement to Provide Insurance,

    (IV)    Claim and Delivery, and

    (V)    Fraudulent Misrepresentation.

Fedorov's counterclaim is in six counts:

    (I)      Fraud and Silent Fraud,

    (II)     Forgery,

    (III)    Negligent Misrepresentation,

    (IV)    "Innocent" Misrepresentation,

    (V)     Negligence, and

    (VI)    Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601.

Now before the Court is the FDIC's motion for stay pending the exhaustion of administrative remedies.[1] FDIC asserts that because Fedorov has filed an administrative claim against Citizens he may not pursue an action in federal court until the expiration of the 180-day stay period or until the FDIC has reached a final decision with respect to his claim, whichever is earlier. Fedorov asserts that the mandatory stay is only applicable to court actions filed after the FDIC is appointed as receiver and should not be applied in this case. For the reasons that follow, the motion will be granted.

## II. RELEVANT FACTS[2]

Citizens filed suit against Fedorov in Macomb County Circuit Court on July 14, 2008. Fedorov filed a counterclaim. On April 6, 2009 Citizens filed a second amended complaint. Fedorov filed a second amended counterclaim on June 24, 2009.

On December 18, 2009 the Ingham County Circuit Court appointed the FDIC as receiver for Citizens; the FDIC accepted the appointment. On December 29, 2009 the

---

[1]Fedorov also has a motion for summary judgment pending.

[2]The motion raises purely procedural issues and is not related to the underlying claims. As a result, the Court will not discuss the substance of the claims.

Macomb County Circuit Court entered a stipulated order granting FDIC's motion to substitute as plaintiff for Citizens. The court also granted a 90-day stay of proceedings pursuant to 12 U.S.C. § 1821(d)(12)(A). On March 16, 2010 the FDIC removed the case to this Court.

On April 3, 2010 Fedorov filed an administrative claim with the FDIC. The claim addressed the same issues as the second amended counterclaim.

On April 28, 2010, Fedorov filed a motion for summary judgment with respect to the FDIC's claims against him. The motion did not address his counterclaims against the FDIC.

### III. THE LAW

**A. The Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA)**

When the FDIC is appointed as receiver of a failed banking institution, the FIRREA provides a number of procedural protections to ensure that the FDIC can efficiently and expeditiously wind up the affairs of the bank. First, the FIRREA provides the FDIC with a 90-day stay of all pending litigation involving the bank as a matter of right. 12 U.S.C. § 1821(d)(12)(A).

Second, it provides an administrative process to consolidate claims against the bank. Under the FIRREA the FDIC "may, as receiver, determine claims in accordance with the requirements of this subsection and regulations prescribed under paragraph (4)" Id. § 1821(d)(3)(A). If the FDIC chooses to determine claims in such a manner, it must publish and mail a notice to the bank's creditors to present their claims before a specific date which cannot be less than 90 days after publication of the notice. Id. § 1821(d)(3)(B) and (C). Claims filed after the allotted time must be disallowed unless the claimant did not receive

notice of the appointment of the receiver in time to file. Id. § 1821(d)(5)(C)(ii)(I). Once a claim is filed the FDIC has 180 days to assess the claim and determine whether to allow or disallow it. Id. § 1821(d)(6)(A). If a claim is disallowed, the claimant had 60 days to request further review or file suit in a district court. Id. Alternatively, a claimant can continue an action commenced before the appointment of the receiver. If a claimant fails to take action, the disallowance becomes final and the claimant's rights are extinguished. Id. § 1821(d)(6)(B)(ii).

### B. Application to Previously Commenced Actions

A party who seeks to bring a claim against a failed institution after the FDIC has been appointed receiver must comply with the FIRREA's administrative claims process before pursuing a claim in federal court. See Village of Oakwood v. State Bank & Trust Co., 539 F.3d 373, 385 (6th Cir. 2008). However, the applicability of the administrative claims process is less clear with respect to claims that were filed against the bank before the FDIC was appointed as receiver.

Unlike post-receivership claims which require administrative exhaustion, a district court retains subject matter jurisdiction over a pre-receivership claims. In re Lewis, 398 F.3d 735, 743-44 (6th Cir. 2005). Unlike other circuits, the Sixth Circuit has not imposed a mandatory exhaustion requirement on pre-receivership actions. In Lewis, the Sixth Circuit held that the FIRREA did not require an "automatic, mandatory stay of a preexisting action, . . . [i]nstead, it provided a mechanism in § 1821(d)(12)(A) for the receiver to decide whether to stay a preexisting action or to allow that action to proceed to judgment." Id. at 744. Under this interpretation of the FIRREA, the FDIC has discretion to decide whether to litigate a pre-receivership claim in federal court or to invoke the administrative claim

4

process. In Lewis the FDIC failed to properly invoke the administrative claim procedure because it did not intervene in the case, permitted the bank to litigate the action to a final judgment, and only invoked the administrative claim procedure after it had lost on appeal. Id. at 746.

The Lewis opinion clarified whether the FIRREA's administrative claim process was mandatory, but did so in the context of a case where the FDIC failed to invoke the administrative claim process. It did not address the related questions of whether a pre-receivership claimant can be compelled to file an administrative claim on the FDIC's demand and whether the filing of an administrative claim requires a stay of the federal action. Because Fedorov has filed an administrative claim, the Court only needs to address the latter question. First, the language of the FIRREA suggests that a court should stay proceedings pending the determination of an administrative claim. 12 U.S.C. § 1821(d)(6)(A) says that after the FDIC has determined an administrative claim, a claimant has 60 days to "request administrative review of the claim . . . or file suit on such claim (or continue an action commenced before the appointment of the receiver)." The fact that a claimant can continue a previously filed action suggests that the action would have been stayed pending the administrative determination.

In FDIC v. Lacentra Trucking, Inc., 157 F.3d 1292, 1302 (11th Cir. 1998), a case cited with approval in Lewis, the Eleventh Circuit noted that "Congressional goals of efficiency and expediency would be prejudiced if administrative and judicial processes were allowed to proceed simultaneously, Congress obviously intended to grant the receiver the option to use initially either the administrative or judicial mechanism." The Court agrees that the ends of efficiency and expediency would be thwarted by not granting the FDIC's

5

request for a stay once an administrative claim has been filed. Although the Court retains jurisdiction to adjudicate the claim, it makes little sense to pursue parallel paths of litigation during the relatively short period of administrative review.

### IV. Analysis

In this case, Fedorov filed his first counterclaim and his second amended counterclaim prior to the FDIC's appointment as receiver on December 18, 2008, making it a pre-receivership claim. However, Fedorov also filed an administrative claim on April 3, 2010. Because Fedorov has filed an administrative claim, the FDIC had a choice to either invoke the administrative process or to continue to litigate the federal action. The FDIC chose to invoke the administrative process. Unless there is evidence that the FDIC had already demonstrated an intent to litigate the federal action, a stay is appropriate.

After its appointment as receiver, the FDIC invoked an automatic 90-day stay of all proceedings. It removed this action to federal court shortly after the stay ended. The FDIC took no action with respect to Fedorov's counterclaim prior to filing its motion for stay.[3] Thus there is no suggestion that the FDIC actively pursued litigation of this action in Federal court and no reason to reject the FDIC's decision to deal with Fedorov's claim in an administrative rather than judicial forum.

---

[3]The FDIC did respond to Fedorov's motion for summary judgment on the FDIC's claims on the same day that it requested a stay. However, as described below, the 180-day stay does not affect that motion.

Fedorov says that he filed his administrative claim in an abundance of caution, concerned that the Court may dismiss his claim if he failed to first exhaust his administrative remedies. He says that he will withdraw his administrative claim in order to avoid a stay in this action. The Court expresses no opinion as to whether Fedorov can withdraw his claim once it has been filed or whether the FDIC can require Fedorov to pursue an administrative claim against his wishes. However, the FDIC must determine Fedorov's administrative claim by September 30, 2010. It is unlikely that a protracted debate over Fedorov's right to withdraw his claim would be resolved as quickly.

Finally, the Court notes that the administrative determination process only applies to claims against the failed institution, not to claims that it has filed. See Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., 947 F.2d 49, 63 (3rd Cir. 1991) ("[N]either the exhaustion of remedies requirement not the FIRREA administrative claims procedure applies to action the thrift itself commenced before it went under."). Thus the stay does not necessarily apply to the FDIC's claim against Fedorov. Moreover, the interests of efficiency and expediency do not favor a stay of the Fedorov's pending motion for summary judgment. The motion has been fully briefed, oral arguments have taken place, and the Court has fully reviewed the file. There is no reason to delay a decision at the motion. However, the FDIC's claims are intertwined with Fedorov's counterclaim and it would be impractical and inefficient to continue the FDIC's claims while staying Fedorov's counterclaims. Therefore, both actions will be stayed pending the FDIC's determination of Fedorov's administrative claim.

## V. Conclusion

For the reasons stated above, FDIC's motion is GRANTED. The case is STAYED until the earlier of September 30, 2010 or the FDIC determination of Fedorov's administrative claim.

SO ORDERED.

                                        S/Avern Cohn
                                        AVERN COHN
                                        UNITED STATES DISTRICT JUDGE

Dated: July 22, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, July 22, 2010, by electronic and/or ordinary mail.

                                        S/Julie Owens
                                        Case Manager, (313) 234-5160