UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver for
CITIZENS STATE BANK,

        Plaintiff,

Case No. 10-11061

v.

HON: AVERN COHN

SERGEI V. FEDOROV,

        Defendant,
_____/

# MEMORANDUM AND ORDER DENYING MOTION FOR RECONSIDERATION

## I.

This case arises out of a loan agreement between Sergei Fedorov (Fedorov) and Citizens State Bank (Citizens) and involves claims of breach of contract and fraud. The Federal Deposit Insurance Corporation (FDIC), as receiver for Citizens, claims that Fedorov breached the terms of a promissory note, security agreement, and agreement to provide insurance and also made fraudulent representations with respect to the collateral that was the subject of the security agreement. On July 22, 2010 the Court denied Fedorov's motion for summary judgment (Doc. 22). Now before the Court is Fedorov's motion for reconsideration of that decision with respect to the fraud claim (Doc. 24).

For the reasons that follow, the motion is DENIED.

## II.

E.D. Mich. L.R. 7.1(g)(3) regarding motions for reconsideration states:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration

> that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case.

Thus in order to prevail on a motion for reconsideration, a movant must (1) raise a new issue (2) that represents a palpable defect in the initial decision and (3) will result in a different disposition in the case.

### III.

### A.

The FDIC's fraud claim is based on Fedorov's representations with respect to the Security Agreement executed by Fedorov and co-signer Joseph Zada (Zada). The Agreement stated that the following, "whether now owned or hereinafter acquired," would serve as collateral: "A 12-year old Oldenburg Gelding and the assignment of major medical and major loss of use insurance in the amount of _____ on the 12-year old Oldenburg Gelding, policy number _____." Fedorov asserted that he was entitled to summary judgment because Citizens knew that the purpose of the loan was to purchase the 12-year old Oldenburg Gelding, making Citizens' reliance on Fedorov's prior ownership of the horse unreasonable. He relied on both paragraph 24 of the FDIC's second amended complaint, (see Doc. 5, Ex. D), which states "Defendant FEDOROV in order to induce [Citizens] to loan money to FEDOROV made certain representations to [Citizens], including but not limited to ownership of certain collateral including a twelve year old Oldenburg Gelding and Assignment of Major Medical Loss Insurance Policy" and an April 19 email from Scott Norton, an attorney who represented Citizens. It states in part:

> This email transmission shall also serve as a more specific

2

> statement as to paragraph 24 of Plaintiff's Second Amended Complaint, which shall be replaced to read in its entirety as follows:
>> 24. Defendant FEDOROV in order to induce [Citizens] to loan money to FEDOROV represented to [Citizens] that FEDOROV held good and marketable title to the collateral described in [the Security Agreement] namely a 12-year old Oldenburg Gelding and the Assignment of Major Medical and Major Loss of Use Insurance Policy.

There is nothing in Fedorov's papers to suggest that Paragraph 24 was formally altered either before or after the case was removed to this court. However, Fedorov stated in his answer that he relies on the revised paragraph as stated in the April 19, 2009 email.

Citizens responded to Fedorov's motion for summary judgment by noting that the collateral described in the security agreement included property "whether now owned or hereinafter acquired" and asserted that "[t]he testimony of Fedorov makes it clear that not only did he never possess an interest in the referenced horse, but he never had any intent to acquire an interest." The response makes clear the alleged fraud was that Fedorov did not own and had no intention of owning the horse that was to serve as collateral, but still signed the Security Agreement.

The Court found that the Security Agreement required the referenced horse to be owned or purchased by either Fedorov or Zada. Although Citizens was aware that the purpose of the loan was to purchase the horse described in the security agreement, the Court found that Fedorov failed to assert, and provided no evidentiary support for the assertion, that he or Zada ever possessed or intended to possess the referenced horse. As a result, the Court found that Fedorov was not entitled to summary judgment.

**B.**

**1.**

3

As stated above, the Court generally does not grant motions for reconsideration that "merely present the same issues ruled upon by the court." Fedorov's motion for reconsideration makes the same assertion regarding Fedorov's prior ownership of the horse and relies on the same evidence as his motion for summary judgment – that the fraud claim is based on his representation of ownership of the horse <u>at the time the loan was made</u> and that Citizens knew he did not own the horse at that time. The Court has already considered the evidence and arguments that Fedorov asserts in his motion for reconsideration and decided the matter in the FDIC's favor. Fedorov provides no reason for the Court to change its mind. In addition, as described below, even if the Court were to consider Fedorov's motion for summary judgment anew, it would not reach a different result.

**2.**

Given that the Loan Disbursement Request and Authorization form states that "[t]he specific purpose of this loan is: Purchase 12-year old Oldenburg Gelding for the 2004 Olympic Grand Prix Jumping Trials" and that the Security Agreement was drafted to include collateral "whether now owned and hereinafter acquired" the only reasonable interpretation of the parties' agreement was that Fedorov would purchase the pledged horse with the loan proceeds after the loan was disbursed. This interpretation is consistent with the FDIC's assertion in its response brief that Fedorov made representations despite the fact that he did not own and had no intention of acquiring the horse pledged as collateral.

While Fedorov says that the FDIC's complaint only alleges that he made representations with respect to prior ownership of the horse, the complaint's language is sufficiently broad to include a promise of future ownership as well. The original version

of paragraph 24 alleges that Fedorov "made certain representations to [Citizens] including but not limited to ownership of certain collateral." This allegation has no temporal component and could apply to a representation of present ownership of the collateral or a representation that the collateral would be purchased with the loan proceeds. The revised version of paragraph 24 is arguably narrower, alleging that Fedorov "represented to [Citizens] that Fedorov held good and marketable title to the collateral described in [the Security Agreement]." However, this language expressly incorporates the Security Agreement's description of the collateral which includes property that is "hereinafter acquired." Thus it could also be interpreted broadly to include a representation that the collateral would be purchased with the loan proceeds. Because the language of the complaint can be interpreted in a manner that is consistent with the FDIC's allegation that Fedorov he never owned the collateral and never intended to acquire it, he is not entitled to summary judgment.

In addition, the Court's final disposition of this case would not change, even if it agreed with Fedorov's interpretation of the second amended complaint because the FDIC would be given an opportunity to amend its complaint. As described in the Court's memorandum and order denying summary judgment, (Doc. 22), Fedorov provided no evidence to contradict the FDIC's allegation that he signed the security agreement and induced Citizens to make the loan even though he did not own and did not intent to acquire the horse pledged as collateral. Thus the FDIC can state a claim of fraud and would be given leave to amend its complaint to conform with the arguments made in response to Fedorov's motion for summary judgment.

FED. R. CIV. P. 15(a)(2) states that a "court should freely give leave [to amend] when justice so requires." In this case, justice would require that the FDIC be given an

5

opportunity to amend. Permitting the FDIC to amend its complaint will not prejudice Fedorov. Fedorov's arguments are based solely on the FDIC's complaint and incorporated exhibits and could have been raised immediately after the complaint was served. Had Fedorov done so, the FDIC could have amended its complaint long before discovery closed. Even if this action would be delayed by permitting the FDIC to amend, Fedorov would bear equal responsibility for the delay and cannot claim undue prejudice.

SO ORDERED

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: August 27, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 27, 2010, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160

6