UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FEDERAL DEPOSIT INSURANCE
CORPORATION as receiver for
CITIZENS STATE BANK,

        Plaintiff,

                              Case No. 10-11061

v.

                              HON: AVERN COHN

SERGEI V. FEDOROV,

        Defendant,
_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**I.  INTRODUCTION**

      This is a contract case.  Plaintiff Federal Deposit Insurance Corporation (FDIC), receiver to Citizens State Bank, says that defendant Sergei Fedorov (Fedorov) failed to repay a $500,000.00 loan which matured in March, 2005.  FDIC removed the case pursuant to 12 U.S.C. § 1819(b)(2)(B) after it was substituted as the plaintiff in the case. FDIC's second amended complaint is in five counts: (I) breach of promissory note, (II) breach of security agreement, (III) breach of agreement to provide insurance, (IV) claim and delivery, and (V) fraudulent misrepresentation. Fedorov's counterclaim is in six counts: (I) fraud and silent fraud, (II) forgery, (III) negligent misrepresentation, (IV) innocent misrepresentation, (V) negligence, and (VI) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1601.

      Now before the Court is Federov's motion for partial summary judgment as to the counterclaim.  The Court originally scheduled this matter for hearing.  However, upon

review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2). For the reasons that follow, the motion will be denied.

## II. BACKGROUND

The full background of the case is described in the Memorandum and Order Denying Defendant's Motion for Summary Judgment. (Doc. 22). The pertinent facts related to the present motion as the Court understands them from the parties' papers are as follows.

On April 3, 2010 Fedorov filed an administrative claim with FDIC. The claim addresses the same issues as the counterclaim. On May 19, 2010, FDIC filed a motion to stay pending the exhaustion of administrative remedies. (Doc. 13). The Court granted the motion. (Doc. 23). Federov has not yet received a response from FDIC as to the administrative claim. On these grounds, Federov asks the Court to find that FDIC's inaction constitutes approval of the claim, thus, entitling him to a judgment on liability against FDIC. In response, FDIC says that its inaction constitutes a disallowance of the administrative claim. Both parties rely on the Financial Institutions, Reform, Recovery and Enforcement Act of 1989 (FIRREA), 12 U.S.C. § 1821, et seq., to support their respective positions.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence submitted shows that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a). Accordingly, the movant bears the initial responsibility of informing the court of the basis for its motion, and identifying what it believes demonstrates the absence of a genuine

2

issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When a motion for summary judgment is properly made and supported, an opposing party must set out specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56(e).  All facts and inferences should be viewed in the light most favorable to the nonmoving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158–59 (1970).

## IV. THE LAW

FIRREA generally states the determination period for administrative claims as follows.

> (I) In general
>
> > Before the end of the 180-day period beginning on the date any claim against a depository institution is filed with [FDIC] as receiver, [FDIC] shall determine whether to allow or disallow the claim and shall notify the claimant of any determination with respect to such claim.
>
> (ii) Extension of time
>
> > The period described in clause (I) may be extended by a written agreement between the claimant and the Corporation.

12 U.S.C. § 1821(d)(5)(A) (emphasis added).

Further, Section § 1821(d)(6)(A) allows "agency review or judicial determination of a claim which was disallowed by the receiver or which was not decided within 180 days after it was submitted to the receiver for decision." In Re Lewis, 398 F.3d 735, 740 (6th Cir. 2005) (citing 12 U.S.C. § 1821(d)(6)(A)).

## V. ANALYSIS

A.

3

Federov advances three arguments in support of his motion for partial summary judgment due to FDIC's inaction.  First, he says that two FIRREA provisions, when read together, show that Congress intended to require FDIC to provide a claim determination: Congress' use of the word "shall" in FIRREA, § 1821(d)(5)(A)(I), and Section 1821(d)(5)(A)(ii), which states that the 180-day response time period may only be extended by a written agreement between a claimant and FDIC.

Second, Federov cites two cases to support his argument.  However, as Federov acknowledges, neither case stands for the proposition that Federov asks this Court to adopt.  Rather, both cases reject the argument that FDIC's failure to provide a determination within 180 days must result in an allowance of the administrative claim.  See BankUnited Financial Corporation v. FDIC, 436 B.R. 216, 223 (S.D. Fla. 2010) (holding "FDIC Receiver's failure to disallow a claim within the 180-day period prescribed by statute does not effect an allowance of the claim," finding that shall is "meaningful insofar as it triggers a claimant's appellate rights, and noting the "draconian result" in allowing a substantial monetary claim against FDIC "in the absence of express authority to do so"); Aliberti v. First Meridian Group, No. 92-157, 1993 WL 277807, *3 (D. Maine July 8, 1993) ("FDIC's failure to act is tantamount to a disallowance of the claim," noting that the claimant may request administrative review or file suit if the 180-day period expires without a determination).

Finally, Federov says that Congress' policy concern to restore confidence in the marketplace, by requiring a speedy process, justifies its argument that FDIC is required to issue a determination and failure to do so results in allowance of the administrative claim.  See FDIC's Resolution Handbook, p. 77.

B.

FDIC says that FIRREA clearly sets forth the appropriate remedy to handle a case where FDIC fails to meet the 180-day time period; particularly, a claimant may request administrative review or file a judicial action. See § 1821(d)(5)(A)(ii), supra. FDIC further asserts that FIRREA does not expressly sanction FDIC with an automatic allowance if the 180-day time period is not met, despite the use of "shall." Finally, FDIC cites Barnhart v. Peabody Coal Co., 537 U.S. 149, 159 (2003), in which the Supreme Court held that "if a statute does not specify a consequence for noncompliance with statutory timing provisions, the federal courts will not in the ordinary course impose their own coercive sanction." Id. (quoting United States v. James Daniel Good Real Property, 510 U.S. 43, 63 (1993)). Thus, FDIC says that a judicial sanction is not the proper remedy here and Federov is not entitled to partial summary judgment. FDIC is correct.

C.

Despite the fact that FIRREA states that FDIC "shall" determine whether to allow or disallow an administrative claim within a 180-day time period, 12 U.S.C. § 1821(d)(5)(A)(I), the Court finds that FIRREA is clear as to a claimant's remedies in the case that FDIC fails to do so. Particularly, a claimant, like Federov, can seek administrative review or file a judicial action. § 1821(d)(6)(A)). It is equally clear that FIRREA does not expressly sanction FDIC with allowance of an administrative claim when it fails to comply with the 180-day time period. Accordingly, consistent with the Supreme Court and other district court decisions, supra, and in the absence of such express language, the Court declines to impose its own sanction. Instead, pursuant to FIRREA, Federov's claims will go forward in this Court; a proper remedy when FDIC fails to meet the 180-day time period.

## VI. CONCLUSION

For the above reasons, Federov's motion for partial summary judgment is DENIED. The Court will schedule a status conference to chart the future of the case consistent with this opinion.

SO ORDERED.

Dated:  February 2, 2011         S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 2, 2011, by electronic and/or ordinary mail.

                                                             S/Julie Owens
                                                            Case Manager, (313) 234-5160